# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALEB SALMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-265-CVE-TLW |
| | ) |
| CRST EXPEDITED, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is defendant Alicia Croker/Turnquist's[1] Motion to Dismiss (Dkt. # 22). Defendant Alicia Croker, proceeding pro se, denies the allegations of plaintiff Caleb Salmon's complaint, and Croker asks the Court to dismiss the claims against her. Plaintiff, also proceeding pro se, responds that a defendant's mere denial of a complaint's allegations is not a legitimate reason to dismiss a complaint, and plaintiff asks the Court to deny the motion to dismiss.

## I.

Salmon alleges that he registered his cellular phone number on the national Do-Not-Call Registry in 2008 and the number has been continuously registered since that time. Dkt. # 2, at 4. He claims that "[o]ver the past year [he] has been bombarded with phone calls, autodialed calls, prerecorded messages, spam texts, and spam voicemails from persons trying to obtain confidential information or credit card numbers from him, or to sell him products and services he does not want." Id. He believes that some of his personal identifying information has been compromised and that the persons calling him are part of a "criminal enterprise of scammers and identity thieves." Id.

---

[1] The complaint identifies the defendant as "Alicia Croker/Turnquist," but the defendant calls herself "Alicia Croker." The Court will refer to the defendant as Alicia Croker in this Opinion and Order.

Salmon alleges that the conduct of defendants has violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). As to defendant Croker, Salmon alleges that she and other defendants use an autodialing system developed by Dennis Bayne, and Salmon claims that he has conducted research linking Croker to a website that advertises the use of Bayne's autodialing system. Id. at 6-7; Dkt. # 23, at 2. Salmon alleges six claims for relief against each defendant: (1) violation of the TCPA; (2) violation of the Oklahoma Consumer Protection Act, OKLA. STAT. tit. 15, § 775A.4; (3) invasion of privacy; (4) aggravation and loss of time; (5) negligent hiring and supervision; and (6) vicarious liability and joint and several liability. Id. at 9-13.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy


Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Croker asks the Court to dismiss with prejudice the claims against her based on her denial of the allegations of the complaint. Dkt. # 22. In her motion to dismiss, she makes the following allegations:

> 3. The Defendant has no association with Dennis Bayne
>
> 4. The Defendant has never placed any call, business or otherwise to the Plaintiff.
>
> 5. The Defendant is not associated with any autodialing system and has never sold or used an autodialing system.
>
> 6. The Defendant has never texted the Plaintiff for either business or personal reasons.
>
> 7. The Defendant has never used software or employed any other method to obtain information about the Plaintiff.

Id. at 1. Croker has not attached any evidence to her motion to dismiss, and she has not asked the Court to treat her motion as a motion for summary judgment.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept the well-pleaded allegations of the complaint as true. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). "The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State Sch. for Deaf and

3

Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). A defendant's "mere denial" of the plaintiff's allegations has no bearing on the Court's ruling on a motion to dismiss under Rule 12(b)(6). Catipovic v. Turley, 2012 WL 2089552 (N.D. Iowa June 8, 2012).

The Court has reviewed Croker's motion to dismiss and the motion consists only of Croker's denial of plaintiff's allegations. However, the Court must accept the well-pleaded allegations of the complaint as true, and Croker's denial of the allegations of the complaint cannot be considered by the Court when ruling on her motion to dismiss. The complaint includes sufficient allegations to state a claim against Croker. To state a claim under the TCPA, a plaintiff must allege that "(1) the defendant called a cellular telephone number; (2) using an automatic dialing system; (3) without the recipient's prior express consent." Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012). Plaintiff alleges that Croker called his cellular phone using an automated dialing system and that Croker did so without plaintiff's consent.[2] Dkt. # 2, at 6-7. Croker's denials are not a sufficient basis to dismiss the well-pleaded claims in the complaint, and her motion to dismiss should be denied.

**IT IS THEREFORE ORDERED** that defendant Alicia Croker's Motion to Dismiss (Dkt. # 22) is **denied**. Defendant Alicia Croker shall, therefore, file her answer to the complaint no later than **October 1, 2014.**

**DATED** this 17th day of September, 2014.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court focuses on plaintiff's TCPA claim, because plaintiff alleges that the Court has federal question jurisdiction over this case and the TCPA claim is the sole federal law claim. See Dkt. # 2, at 2.