UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CALEB SALMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0265-CVE-TLW |
| | ) | |
| CRST EXPEDITED, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Severance of Defendants 4-17 and Extension of Time to Discover and Serve Doe Defendants (Dkt. # 35). Plaintiff Caleb Salmon, proceeding pro se, asks the Court to sever his claims against CRST Expedited, Inc. (CRST) and defendant John Doe Telemarketer calling from 866-609-8026 (Doe 2) from his claims against the other John Doe defendants,[1] because he has been unable to identify, locate, and serve many of the John Doe defendants named in the complaint. None of the defendants who have been served have filed a response to plaintiff's motion.

Salmon alleges that he registered his cellular phone number on the national Do-Not-Call Registry in 2008 and the number has been continuously registered since that time. Dkt. # 2, at 4. He claims that "[o]ver the past year [he] has been bombarded with phone calls, autodialed calls, prerecorded messages, spam texts, and spam voicemails from persons trying to obtain confidential information or credit card numbers from him, or to sell him products and services he does not want."

---

[1] Plaintiff has named 11 defendants as a "telemarketer" or "teletexter" attempting to contact him from a specified phone number or e-mail address, but he does not know the identity of these defendants and they are listed John Doe defendants. The Court will collectively refer to these defendants as John Doe defendants.

Id. He believes that some of his personal identifying information has been compromised and that the persons calling him are part of a "criminal enterprise of scammers and identity thieves." Id. Salmon alleges that the conduct of defendants has violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). As to defendant Croker, Salmon alleges that she and other defendants use an autodialing system developed by Dennis Bayne, and Salmon claims that he has conducted research linking Croker to a website that advertises the use of Bayne's autodialing system. Id. at 6-7; Dkt. # 23, at 2. Salmon alleges six claims for relief against each defendant: (1) violation of the TCPA; (2) violation of the Oklahoma Consumer Protection Act, OKLA. STAT. tit. 15, § 775A.4; (3) invasion of privacy; (4) aggravation and loss of time; (5) negligent hiring and supervision; and (6) vicarious liability and joint and several liability. Id. at 9-13.

Salmon has served defendants CRST, Alan Turnquist, Alicia Croker/Turnquist, and Darick Patterson,[2] and he has voluntarily dismissed his claims against Bayne. However, he has not been able to identify and locate the John Doe defendants, and he claims that the John Doe defendants are using "multiple shell companies and outright fake companies" to hide their identity. Dkt. # 35, at 3. He asks the Court to sever the claims against the unserved defendants from his claims against CRST, and he argues that severance of his claims against the unserved defendants will expedite discovery and promote judicial economy. Dkt. # 36, at 3. He also asks for additional time to serve the John Doe defendants. Dkt. # 35, at 1.

---

[2]  Plaintiff has obtained clerk's entry of default against Turnquist, Croker/Turnquist, and Patterson, but he not file a motion for entry of default judgment against these parties. CRST has filed an answer and it participated in the preparation of the joint status report (Dkt. # 24), and it appears that plaintiff and CRST are engaged in discovery.

Under Fed. R. Civ. P. 42(b), courts may order separate trials for one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." The decision to order a separate trial lies within the discretion of the trial court. Ammesaki v. Interlake S.S. Co., 342 F.2d 627, 631 (7th Cir. 1965); Fed. Deposit Ins. Corp. v. First Nat'l Bank & Trust Co. of Oklahoma City, 496 F. Supp. 291 (W.D. Okla. 1978). The Tenth Circuit has held that courts should not bifurcate trials, however, unless the issues to be bifurcated are "clearly separable." Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993). If separate trials of a case would create a risk of inconsistent judgments, a motion for a separate trial should be denied. McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 305 (5th Cir. 1993). The Tenth Circuit has distinguished between a motion for separate trials under Rule 42(b) and a motion to sever under Rule 21, and these must be treated as separate motions. Chrysler Credit Corp. v. County Chrysler, Inc., 11 F.3d 957, 1519 n.8 (10th Cir. 1991). If a claim is severed under Rule 21, it proceeds as a "discrete, independent action and the trial court may render final, appealable judgment on the severed claim, notwithstanding the continued existence of unresolved claims in the remaining action." E.S. v. Independent Sch. Dist., No. 196 Rosemount-Apple Valley, 135 F.3d 566, 568 (8th Cir. 1998). Although Rule 21 is procedurally distinct from Rule 42(b), a decision to sever claims or issues under Rule 21 is discretionary and the Court will apply the same standard of review that it would to a request for separate trials under Rule 42(b). McDaniel, 987 F.2d at 304 n.19.

It appears that plaintiff is requesting severance under Rule 21, rather than separate trials under Rule 42(b), because he states that he "will pay another filing fee to set up the severed action separately." Dkt. # 35, at 1. Plaintiff's primary argument in support of his request to sever his claims against certain defendants is that he is having difficulty identifying, locating, and serving the

3

John Doe defendants named in the complaint. He claims that it would conserve the parties' resources and promote judicial economy to sever the claims against CRST from the rest of his claims. However, plaintiff has alleged the same claims against each defendant and he acknowledges that there are common legal issues as to each defendant. Dkt. # 36, at 3. Although plaintiff is having difficulty identifying the John Doe defendants, this by itself does not warrant severance of his claims against the unknown defendants. There will be no savings of time and resources to the parties by severing any claims at this point, because plaintiff has not been able to serve the unknown John Doe defendants and there will be no discovery or pretrial practice as to the John Doe defendants unless plaintiff is able to identify and locate them. In other words, unless plaintiff is able find and serve the John Doe defendants there will never be a reason to grant the severance requested by plaintiff. There will also be no benefit in terms of judicial economy. Plaintiff's claims against defendants are relatively straightforward and it would unnecessarily complicate the proceedings to split plaintiff's claims into separate cases. Even if certain claims were severed, the severed action would still involve distinct factual issues as to each defendant, because plaintiff's claims against each defendant are based on a different phone call or communication with plaintiff. Assuming that plaintiff could serve the John Doe defendants and those claims were severed, the severed action would contain the same difficulties as if all of the claims were tried together, and severance would not promote judicial economy. The Court finds that the convenience of the parties and judicial economy do not support severance of plaintiff's claims against the John Doe defendants, and plaintiff's motion to sever should be denied.

Plaintiff also requests an additional 120 days to serve the John Doe defendants, because he has been unable to ascertain the identity of these defendants and he still gathering information to

determine the correct legal identity of the John Doe defendants. Dkt. # 35, at 1-2. The Federal Rules of Civil Procedure require a plaintiff to serve each defendant within 120 days of filing the complaint, or the Court must dismiss the plaintiff's claim against any defendant who has not been served or permit the plaintiff to serve the defendant within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff can show "good cause" for failing to serve the defendant within 120 days, the court shall allow the plaintiff additional time to effect service. The Tenth Circuit has created a two-step analysis to assist district courts in considering whether to grant a plaintiff's request for additional time:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Excuses for failing to serve a party, such as inadvertence, omission, or neglect, do not constitute good cause. In re Kirkland, 86 F.3d 172, 175 (10th Cir. 1996); Cox v. Sandia Corp., 941 F.2d 1124, 1125-26 (10th Cir. 1991). A court must consider a plaintiff's argument as to the existence of good cause and make specific findings on those arguments or the district court's decision to deny additional time to effect service is "merely abuse of discretion and inconsistent with the spirit of the Federal Rules." ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1459 (10th Cir. 1995). Plaintiff argues that the John Doe defendants have obscured their identity using "multiple shell companies and outright fake companies" and he does not "want to risk naming innocent intermediaries" as defendants. Dkt. # 35, at 3. Plaintiff filed this case on May 23, 2014, and he has had over five months to locate and serve the proper parties.

5

While plaintiff may be having difficulty identifying the John Doe defendants, he does not allege that he is likely to identify or serve any of the John Doe defendants in the near future. Dkt. # 36, at 1-2. The Court finds that plaintiff's request for additional time to serve the John Doe defendants should be denied, but he may renew this request if he can show that he has identified one of the John Doe defendants and that he can serve the defendant without substantially delaying these proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Severance of Defendants 4-17 and Extension of Time to Discover and Serve Doe Defendants (Dkt. # 35) is **denied**.

**DATED** this 3rd day of November, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE