UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALEB SALMON, ) | |
| ) | |
|     Plaintiff, ) | |
| v. ) | Case No. 14-CV-0265-CVE-TLW |
| ) | |
| CRST EXPEDITED, INC, et al., ) | |
| ) | |
|     Defendants. ) | |

**PLAINTIFF'S MOTION TO RECONSIDER SUMMARY JUDGMENT**

**COMES NOW** the plaintiff, Caleb Salmon, *pro se*, and respectfully submits his *Motion to Reconsider Summary Judgment* regarding the Court's Order of March 25, 2015 granting summary judgment to Defendant CRST Expedited Inc. [Doc. 100]. In support thereof, Plaintiff states as follows:

**INTRODUCTION AND STANDARD OF REVIEW**

In the Court's Order of March 25, it granted summary judgment to CRST Expedited Inc. ("CRST") without a finding of fact that Plaintiff gave specific oral or written express consent to CRST to contact him with a prerecorded message. Plaintiff and CRST spent most of their cross-motions for summary judgment and responses arguing over whether the message was informational under 47 C.F.R. § 64.1200(a)(1) requiring prior express consent or advertising/telemarketing under 47 C.F.R. § 64.1200(a)(2) requiring prior express written consent. However, **Plaintiff did not give express consent** under either regulation, and CRST failed to carry its burden to show that Plaintiff provided the required express consent. In order to prevail on its affirmative defense of express consent, CRST had to prove that Plaintiff gave either oral or written express consent **specifically to be contacted on his cell phone with a**

**prerecorded message.** Merely providing a phone number is **insufficient to establish express consent** under the TCPA.

A motion for reconsideration under Fed. R. Civ. P. 59(e) filed within [twenty-eight (28)] days[1] after a district court's order granting summary judgment is treated as a motion to alter or amend the judgment. *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992). Proper grounds for granting such a motion include correcting manifest errors of law, *id.*, or that "the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, [or] has made a mistake not of reasoning but of apprehension..." *Gregg v. Am. Quasar Petroleum Co.*, 840 F. Supp. 1394, 1401 (D. Colo. 1991).

Rule 59(e) applies here. The Court granted summary judgment to CRST without a finding of fact that Plaintiff gave express oral or written consent to auto-dialing and pre-recorded messages sent by CRST eight years later. CRST failed to carry the burden of its affirmative defense to prove that Plaintiff provided **express oral or written consent** to the auto-dialing and prerecorded messages in its *Response to Plaintiff's Motion for Summary Judgment*. Therefore, summary judgment for Defendant CRST must be vacated, and judgment entered for Plaintiff.

## ARGUMENTS AND AUTHORITIES

**Express Consent is Required to Use an Auto-Dialer or a Prerecorded Message to Contact a Cellular Phone.**

CRST was required to obtain Plaintiff's express consent to be contacted by an auto-dialer or with a prerecorded message on his cellular phone under the TCPA. Whether a message is informational, advertising or telemarketing, the FCC requires express consent to contact a cellular phone. Express consent to receive an informational message may be either **oral or written**, while consent to receive a telemarketing message must be written. However, either

---

[1] Originally ten (10) days prior to rule change. Fed. R. Civ. P. 59(e).

way, express consent must be given.  **CRST must ask Plaintiff's permission to use an auto-dialer or prerecorded message to contact his cell phone, and Plaintiff must grant such permission orally or in writing.**

> ...we maintain the existing consent rules for non-telemarketing, informational calls, such as those by or on behalf of tax-exempt non-profit organizations, calls for political purposes, and calls for other noncommercial purposes, including those that deliver purely informational messages such as school closings. **Our rules for these calls will continue to permit oral consent if made to wireless consumers and other specified recipients, and will continue to require no prior consent if made to residential wireline consumers...**

> ...such calls, to the extent that they do not contain telemarketing messages, would not require any consent when made to residential wireline consumers, but **require either written or oral consent if made to wireless consumers** and other specified recipients.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd 1830, 1841, ¶28 (F.C.C. 2012) ("2012 TCPA Order")(emphasis added).  In order to prevail on the affirmative defense of express consent, CRST must offer evidence that Plaintiff gave his written or oral consent to be contacted on his cell phone with an auto-dialer or by a prerecorded message.  Plaintiff must have written or spoken substantively the following: "I, Caleb Salmon, give CRST permission to use an auto-dialer or a prerecorded message to contact my cellular telephone."  Plaintiff gave no such consent.

Without express consent, CRST was limited to calling Plaintiff's cellular phone with a human person.  "[T]he TCPA requires not merely consent to be called, but **consent to be called with automatic dialing equipment."** *Aderhold v. car2go N.A., LLC*, 2014 U.S. Dist. LEXIS 26320, 15 (W.D. Wash. Feb. 27, 2014) (citing *Thrasher-Lyon v. CCS Commercial, LLC*., No. 11-c-4473, 2012 U.S. Dist. LEXIS 125203, at *2-3, *7 (N.D. Ill. Sept. 4, 2012).[2]

> The question requiring interpretation is: "consent to what?" [Defendant] argues that the recipient need only give "general unrestricted permission and consent to

---

[2] Both decided after the 2012 TCPA Order.

> be called at the subject number," which [Plaintiff] concedes she gave. [Plaintiff], on the other hand, contends that the **exception is triggered only by explicit consent to receive robocalls, which [Defendant] agrees that she did not give**...
>
> ...The Court concludes that the statutory language is not ambiguous and that [Plaintiff's] interpretation adheres to the plain language of the provision, consistent with its purpose and the context of the overall statute. The exception for "prior express consent" appears parenthetically within a broad prohibition on contacting cell phone subscribers using "any automatic telephone dialing system or an artificial or prerecorded voice." Thus, the sentence in which the exception appears applies specifically, and only, to calls made with robocall technology...
>
> ...[Congress's] protective purpose, and its implementation by way of restricting the use of certain technology, further supports the view that the consumer must give "prior express consent" to robocalls—not to telephone calls in general—if they are to receive the automated calls that the legislature deemed invasive.

*Thrasher-Lyon v. CCS Commer., LLC*, 2012 U.S. Dist. LEXIS 125203, 6-7, 9 (N.D. Ill. Sept. 4, 2012)(citations omitted, emphasis added).

Plaintiff's situation presents precisely the same question as *Thrasher-Lyon*. Was the provision of Plaintiff's number "general unrestricted permission" or did CRST require explicit consent to send robocalls and prerecorded message to Plaintiff's cellular phone? Like *Thrasher-Lyon* and *Aderhold*, Plaintiff did not give express consent to receive robocalls on his celluar phone. If implied consent was sufficient to receive "informational" calls under 47 C.F.R. § 64.1200(a)(1), the express consent provision of the regulation is meaningless.[3]  However, express consent is clearly required.

Respectfully, the Court erred when it granted summary judgment to CRST without finding that Plaintiff gave express consent of any kind, written or oral. [Doc. 100]. CRST must offer evidence to prove Plaintiff provided oral or written express consent to be contacted with an

---

[3] The only exception to this "express consent" rule is when the recipient has knowingly created a debt by voluntarily opening an account or otherwise contracting to pay for some service. *See Osorio v. State Farm Bank*, F.S.B., 859 F. Supp. 2d 1326, 2012 U.S. Dist. LEXIS 70466, 2012 WL 1671780 (S.D. Fla. May 10, 2012) (number provided on credit card application). Consent may be implied in the creditor-debtor relationship; however that is the sole exception. *See In Re Rules and Regulations Implementing the TCPA of 1991*, 23 FCCR 559, 2008 WL 65485, at *3 (Jan. 4, 2008). Plaintiff had no such relationship with CRST.

auto-dialer or pre-recorded message to his cellular phone. It has not and cannot do so, because Plaintiff provided no such consent.

***CRST Failed to Carry Its Burden to Prove Plaintiff Provided Express Written or Oral Consent to be Contacted by An Auto-Dialer or Prerecorded Message to Plaintiff's Cellular Phone.***

Express consent is an affirmative defense. *Levy v. Receivables Performance Mgmt., LLC*, 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013). "'Prior express consent' is, therefore, an affirmative defense to an alleged TCPA violation, for which the defendant bears the burden of proof." *See Grant v. Capital Mgmt. Servs., L.P.,* 449 Fed. Appx. 598, 600 n. 1 (9th Cir.2011) (citing *In re Rules Implementing the TCPA of 1991*, 23 FCC Rcd. 559, 565 (2008)). CRST bears the burden of proof on an affirmative defense. Plaintiff presented evidence in his *Motion for Summary Judgment* which sets out a *prima facie* case for a TCPA violation. CRST **entirely fails** to offer any evidence that Plaintiff provided either oral or written express consent to be contacted on his cellular phone with an auto-dialer or a prerecorded message in its *Response*. Plaintiff raised this issue in his *Motion for Summary Judgment* and his *Reply*.[4] [Doc. 61 pg. 7, ¶26, pg. 12-13; Doc. 89 pg. 7-8]. Accordingly, summary judgment was appropriate for Plaintiff and not CRST.

The express consent provision of the TCPA as applied to cellular phones exists because society and the telecommunications industry could not bear the result of an implied consent rule. If Plaintiff was subject to robocalls and prerecorded messages from every person or entity to whom he provided his cellular phone number to in his entire life, together with their successors and assigns, he would be flooded with unwanted spam texts, calls and voicemails. Switching his phone number would not work because he would simply inherit the robodials of the phone number's predecessor. Revoking his "implied consent" to each of them and their successors and

---

[4] In retrospect, Plaintiff could have briefed the express consent issue more extensively. Nevertheless, it was clearly raised in his *Motion* and *Reply*.

assigns would be a Herculean task, one for which the TCPA relieves him. The vast majority of businesses and persons to whom Plaintiff has provided his cellular phone number over the years have respected Plaintiff's withholding of consent, obeyed the TCPA, and left Plaintiff's phone alone. CRST must follow the TCPA like everyone else.

The TCPA "plac[es] the burden on the technology users rather than the consumers, who are ill-equipped to mitigate the nuisance." *See Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1011 (N.D. Ill. 2010) ("[T]he TCPA serves a significant government interest of minimizing the invasion of privacy caused by unsolicited telephone communications to consumers."). This protective purpose, and its implementation by way of restricting the use of certain technology, further supports the view that **the consumer must give "prior express consent" to robocalls—not to telephone calls in general—if they are to receive the automated calls that the legislature deemed invasive.** *Thrasher-Lyon*, 2012 U.S. Dist. LEXIS 125203 at 9.

**WHEREFORE,** premises considered, Plaintiff prays this Court vacate summary judgment for Defendant CRST Expedited Inc. granted on March 25, 2015 and enter summary judgment requested for Plaintiff, or in the alternative set the matter for trial and all other relief deemed just and proper by the Court.

Respectfully submitted,

**Caleb Salmon**

/s/Caleb Salmon

Caleb M. Salmon
8801 S. Yale, Suite 420
Tulsa, OK  74137
Telephone:    319-230-6334
salmonlegis@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2015, I electronically transmitted a true and correct copy of the above pleading and exhibits by email to the following ECF registrants which have entered an appearance in this case:

Stuart D. Campbell - scampbell@dsda.com
Matthew Christensen - mchristensen@dsda.com
Daniel Herrod – dherrod@dsda.com
Daniel DeSouza – ddesouza@desouzalaw.com
Thomas Martin Askew – taskew@riggsabney.com, bboyd@riggsabney.com, jeanne_moyer@riggsabney.com

/s/ Caleb Salmon