### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CALEB SALMON**, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) **Case No. 14-cv-265 CVE/TLW** |
| | ) |
| **CRST EXPEDITED, INC.**, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## CRST'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER

Defendant CRST Expedited, Inc. ("CRST"), hereby responds in opposition to *Plaintiff's Motion to Reconsider Summary Judgment* **[Dkt. #107]** (the "Motion). This Court correctly granted summary judgment in CRST's favor, and it should not revisit the matter.

## I.

## NO BASIS EXISTS FOR RECONSIDERATION.

Plaintiff asks this Court to vacate its *Opinion and Order* **[Dkt #100]**, under which it granted summary judgment in favor of CRST (the "Summary Judgment Order"). His basis for reconsideration is Fed.R.Civ.P. 59(e); however, reconsideration motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Catholic Mutual Relief Soc. of Amer.*, 204 F.3d 1005, 1012 (10th Cir.2000). Reconsideration is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991)). Put another way, "[a] Rule 59(e) motion is not a second chance to direct the court to revisit issues already addressed or to present new arguments or

supporting facts that could have been presented originally." *Kearns v. Johnson County Adult Detention Center*, 2006 WL 1006884 at *1 (D.Kan.)(citing *Vanskiver*).

In CRST's summary judgment motion **[Dkt #42]** (the "CRST MSJ" or "CRST Motion"), CRST raised undisputed facts bearing on the issue of 'prior express consent' under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"):

> 3.      In 2006, Plaintiff was actively looking for employment in the trucking industry as a truck driver and contacted several trucking companies throughout the country regarding employment opportunities. [**Exhibit 2**, Answer to Interrogatory No. 5]

> 4.      On January 13, 2006, Plaintiff contacted CRST's recruiting department regarding employment opportunities by direct inquiry with a recruiter or via an internet inquiry on a trucking recruiting website, and during that exchange, Plaintiff provided his name, mailing address, primary phone number, cell phone number and email address.  [**Exhibit 1**, ¶ 3]

> 5.      Plaintiff provided 319-230-6334 as his primary phone number to CRST. [**Exhibit 1**, ¶ 4]

> 6.      Plaintiff's cell phone number is 319-230-6334. [Complaint, Dkt #02, ¶ 28]

CRST MSJ at pp.1-2, ¶¶ 3-6.  Plaintiff had every opportunity to attempt to controvert CRST's facts[1] or meet its arguments in his response but elected not do so, even though CRST argued specifically that Plaintiff had given prior express consent to be contacted on his cell phone or landline, in the CRST Motion. Id. at pp.7-11.[2]

---

[1]      Plaintiff's only alleged fact relating to consent related only to "express written consent," a different issue than prior express consent. *See* Response at p.2, ¶ 5; Plaintiff's Motion for Summary Judgment **[Dkt #61]** at p.3, ¶ 6, made the subject of CRST's *Motion to Strike* **[Dkt #75]** at pp.2-3, ¶ 2.

[2]      CRST's argument was consistent FCC orders explaining that "the persons who knowingly release their phone number have in effect given their invitation or permission to be called at the number which they have been given, absent instructions to the contrary." *Report and Order (In the matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991)*, 2012 WL 507959, 27 FCC Rcd. 1830, ¶ 7 & n.20 (F.C.C.)(the "2012 TCPA Order"), summarizing the FCC's findings in the *Report and Order (In the matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991)*, 7 FCC Rcd. 8752, ¶ 31 (F.C.C.1992) (the "1992 TCPA Order").  In addition, the district court in *Aderhold v. Car2go N.A., LLC*, 2014 WL 794802 (W.D.Wash.), noted that some courts

Plaintiff's admission at footnote 4 of his Motion that, "In retrospect [he] could have briefed the express consent more extensively," and that the issue of prior express consent "was clearly raised in [Plaintiff's] *Motion* and *Reply*," is reason enough to deny Rule 59(e) relief. Motion at p.5 & n.4. *See also Response to Plaintiff's Motion for Summary Judgment* **[Dkt #74]** at pp.18-19 (urging prior express consent and citing authorities providing for prior express consent); *Plaintiff's Reply* **[DKt #89]** at pp. 7-8 (addressing same). Plaintiff's Motion simply rehashes arguments that were urged or could have been urged during summary judgment briefing. As the Tenth Circuit instructs, Plaintiff's Motion is improper and should be denied.

## II.

## THIS COURT SHOULD NOT VACATE THE SUMMARY JUDGMENT ORDER

Embedded in this Court's Summary Judgment Order is its finding of all facts necessary to support the fact that Plaintiff did give CRST prior express consent, consistent with the arguments and authorities advanced in the CRST Motion and CRST's response to Plaintiff's summary judgment motion. The Court specifically determined:

> Salmon contacted numerous trucking companies concerning employment opportunities, and CRST received information that Salmon was looking for employment as a truck driver. [Dkt. #43-1, at 1] CRST received this information from either a direct request to CRST or from a recruiting website, but Salmon provided his name, mailing address, home phone number, cell phone number, and email address to CRST. Dkt. # 42-1, at 3; Dkt. # 61, at…31.

---

take a "broad view of 'prior express consent,' suggesting that anyone who provides a cellular phone number to a business consents to the business's use of the number to contact him or her." *Id.* at \*4 (citing cases). When people provide their telephone numbers in commercial transactions, it would be odd to imagine that they do not consent to being contacted for purposes of completing that transaction." *Id.* at \*8. *See also Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1118 (11th Cir.2014)(citing the 1992 TCPA Order, noting, in the context of telemarketing (not present with CRST), the FCC specifically referenced the House report that recognized that "if a person knowingly releases his phone number, calls are permitted because 'the called party had in essence requested the contact by providing the caller with their telephone number for use in normal business communications").

Summary Judgment Order at p.2.   Noting that CRST had sought summary judgment on the

TCPA claim because its employment ad was not 'telemarketing' and "because Plaintiff gave his

consent to receiver communications from CRST" (Id. at p.5), the Court then determined, "CRST

is entitled to summary judgment on Plaintiff's TCPA claim because it did not engage in any

prohibited conduct…." Id. at p.10.   Then, the Court concluded:

> CRST's conduct in this case was at least partially consensual, because Plaintiff
> admits that he voluntarily provided his contact information to a recruiting website
> for truck drivers and should have expected to receive calls about potential
> employment as a truck driver.   In any event, CRST could not have  been
> substantially certain that it lacked plaintiff's permission to contact  him about
> potential employment as a truck driver, and there was not a nonconsensual
> invasion on plaintiff's seclusion.

Id. at p.13.   The Court clearly found CRST committed no violation of the TCPA and that

Plaintiff's provision of his contact information sufficiently met the standard for prior express

consent in the TCPA.[3]

CRST put forth sufficient facts to establish, and thereby established, Plaintiff's express

consent had been voluntarily and willfully given by Plaintiff when he willingly provided his

contact information, including his specific primary/cell phone number. CRST MSJ at pp.1-2 (¶¶

3-7); at pp.7-11; Response to Plaintiff's MSJ at pp.7 (¶ 22), 18-19.   The Court, in its findings in

the Summary Judgment Order, agreed. Summary Judgment Order at pp.2, 5, 10, 13.   There is

---

[3]   Plaintiff's reliance on *Thrasher-Lyon v. CCS Commercial, LLC*, 2012 WL 3835089 (N.D.Ill.),
is misplaced.   The facts of *Thrasher-Lyon* are unmistakably incongruent with the 1992 TCPA Order and
other court holdings and, otherwise, stretched the limits of providing consent.   The plaintiff in the case—
involved in a car accident—provided her cell phone number to the policeman who provided an incident
report.   The insurer ultimately contacted her about subrogation, and assigned the claim to a collection
agent who used technology to contact her. *Id.* at *1.   The district court determined that the only "carve-
out" for prior express consent to be given by merely providing contact information was a creditor-debtor
relationship, absent in the case before it. *Id.* at *4-5.   As a different judge of the same court noted in
*Martin v. Comcast Corp.*, 2013 WL 6229934 (N.D.Ill.), "*Thrasher-Lyon* involved, as Comcast points out
and as the district court judge recognized, an unusual set of facts. The plaintiff got into a car accident and
gave her phone number to the owner of the car she hit and the police. It was thus a stretch to claim that
she had consented." *Id.* at *3.

simply no basis to revisit the Court's ruling, predicated upon proper evidence, administrative agency guidance and judicial decisions that establish Plaintiff's prior express consent and CRST's non-violation of the TCPA.

WHEREFORE, CRST prays the Court will deny the Motion, grant CRST its attorneys' fees and costs herein incurred pursuant to Okla. Stat. tit. 12, § 2011.1, and grant CRST such other and further relief deemed to be just and proper.

Respectfully submitted,

s/*Stuart D. Campbell*

Stuart D. Campbell, OBA No. 11246
David H. Herrold, OBA No. 17054
Matthew L. Christensen, OBA No. 21138
**DOERNER, SAUNDERS, DANIEL
    & ANDERSON, L.L.P.**
Two West Second Street, Suite 700
Tulsa, Oklahoma  74103-3117
Tel. (918) 582-1211 | Fax (918) 591-5360
Email: scampbell@dsda.com
          dherrold@dsda.com
          mchristensen@dsda.com

**Attorneys for the Defendant,
CRST EXPEDITED, INC.**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 8, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Caleb Salmon (salmonlegis@gmail.com)

I further certify that on May 8, 2015, I served the foregoing document on the following, who is not a registered participant of the ECF System, by depositing a true and correct copy thereof into the U.S. Mails, addressed to:

Alicia Croker/Turnquist
33214 Coventry Dr
Leesburg, FL 34788


  s/*Stuart D. Campbell*

3423230v1