**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CALEB SALMON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 14-CV-0265-CVE-TLW |
| ) | |
| **CRST EXPEDITED, INC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS**
**MOTION TO RECONSIDER SUMMARY JUDGMENT**

**COMES NOW** the plaintiff, Caleb Salmon, *pro se*, and respectfully submits his *Reply* in support of his *Motion to Reconsider Summary Judgment* regarding the Court's Order of March 25, 2015 granting summary judgment to Defendant CRST Expedited Inc ("CRST"). [Doc. 100, 107]. In support thereof, Plaintiff states as follows:

**ARGUMENTS AND AUTHORITIES**

Plaintiff raised the issues of express consent and express written consent in his briefing. He does not seek to raise new issues in his *Motion to Reconsider*, only to request a ruling on the undecided issue of CRST's burden of proof on express consent. The Court held that CRST was not a telemarketer or engaged in unsolicited advertising, however it did not rule on whether CRST carried its burden on its affirmative defense to prove that it had obtained **express oral or written consent to contact Plaintiff with an auto-dialer or a prerecorded message**. CRST cannot carry this burden, and Plaintiff requests a ruling on this affirmative defense.

Plaintiff does not re-urge the same argument which the Court ruled upon, as CRST claims. Rather, Plaintiff seeks a ruling on an issue he raised regarding CRST's burden to prove express consent. "A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law." *Comeau v. Rupp*, 810 F. Supp.

1172, 1174-1175 (D. Kan. 1992). In *Servants of the Paraclete*, relied heavily upon by CRST, the Tenth Circuit held that a "need to correct clear error or prevent manifest injustice" was an appropriate reason to file a motion to reconsider under Fed. R. Civ. P. 59(e). *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. N.M. 2000). This is precisely the case here.

Plaintiff raised the issue of CRST's burden on express consent in his *Motion for Summary Judgment*. Discussing CRST's burden of proof, he states "Defendant is not merely required to obtain Plaintiff's consent to be contacted. It must obtain his *specific consent to be contacted by an autodialer or a prerecorded message*." [Doc. 61, pg. 13](emphasis original). When CRST ignored its burden in its *Response* by failing to raise disputed facts on express consent, Plaintiff highlighted this omission in his *Reply* brief in more detail. [Doc. 89, pg. 7-8]. At no time did CRST set forth any facts to indicate that Plaintiff orally or in writing expressly consented to be contacted with an auto-dialer or prerecorded message. By contrast, Plaintiff repeatedly addressed the deficiency.

Plaintiff prevails here by CRST's omission. In CRST's *Motion for Summary Judgment*, and its *Response* to Plaintiff's *Motion for Summary Judgment*, it utterly failed to establish facts to support its affirmative defense that Plaintiff expressly consented to be contacted with an auto-dialer or prerecorded message either orally or in writing. Plaintiff prevails by default on his *prima facie* case because he proves each element of his claim and CRST fails to prove any affirmative defense such as express consent. Here, Plaintiff has set forth facts which establish a *prima facie* case for a prerecorded call TCPA violation. CRST has failed to carry its burden to prove express consent, written or otherwise.

**WHEREFORE,** premises considered, Plaintiff prays this Court vacate summary judgment for Defendant CRST Expedited Inc. granted on March 25, 2015, and enter summary

judgment requested for Plaintiff, or in the alternative set the matter for trial and all other relief deemed just and proper by the Court.

        Respectfully submitted,

        **Caleb Salmon**

        /s/Caleb Salmon

        Caleb M. Salmon
        8801 S. Yale, Suite 420
        Tulsa, OK  74137
        Telephone:    319-230-6334
        salmonlegis@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2015, I electronically transmitted a true and correct copy of the above pleading and exhibits by email to the following ECF registrants which have entered an appearance in this case:

Stuart D. Campbell - scampbell@dsda.com
Matthew Christensen - mchristensen@dsda.com
Daniel Herrod – dherrod@dsda.com
Daniel DeSouza – ddesouza@desouzalaw.com
Thomas Martin Askew – taskew@riggsabney.com, bboyd@riggsabney.com, jeanne_moyer@riggsabney.com

        /s/ Caleb Salmon