## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

CALEB SALMON,                          )
                                       )
                **Plaintiff,**           )
                                       )
v.                                     )         **Case No. 14-CV-0265-CVE-TLW**
                                       )
CRST EXPEDITED, INC., et al.,          )
                                       )
                **Defendants.**          )

### OPINION AND ORDER

Now before the Court is the Report and Recommendation (Dkt. # 127) of Magistrate Judge

T. Lane Wilson recommending that plaintiff Caleb Salmon be sanctioned in the amount of $3,000

and that plaintiff be required to speak to law students at the University of Tulsa College of Law

about the danger of filing a lawsuit as a licensed legal intern or a new attorney without proper

supervision from a more experienced attorney.  Plaintiff and defendant Nutra Pharma Corp. (NPC)

have filed objections to the Report and Recommendation.  Plaintiff asks the Court to reduce the

amount of the monetary sanction, because he is a new attorney and he is unable to pay a substantial

monetary sanction.  Dkt. # 129.  NPC argues that it should be awarded the full amount of attorney

fees it incurred in defending against plaintiff's frivolous claims.  Dkt. # 128.

### I.

On May 23, 2014, Caleb Salmon filed this case alleging that his cell phone number has been

on the National Do Not Call Registry since 2008, but he claims that he received unwanted

solicitations on his cell phone from persons or entities with whom or which he has no personal or

business relationship.  Dkt. # 2, at 4.  Salmon alleges that he received two calls from CRST

Expedited, Inc. (CRST) informing him of possible employment opportunities as a truck driver.

Many of the defendants in the complaint were identified as "John Doe telemarketers" or "John Doe Teletexters," and they are identified by the phone numbers from which plaintiff allegedly received calls on his cell phone. Salmon alleged claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (TCPA), and the Oklahoma Consumer Protection Act, OKLA. STAT. tit. 15, § 752 et seq. (OCPA). He also alleged state law claims of invasion of privacy by intrusion upon seclusion, aggravation and loss of time, and negligent hiring or supervision. NPC was not named as a party in the original complaint. Salmon was a law student when the case was filed but he is now a licensed attorney working as a sole practioner.

Salmon filed a motion requesting leave to dismiss defendants Johns Does 2, 7, 11, 12, 13, 14, and 16 and to substitute, inter alia, Steve Gewecke, Morningstar Marketing and Consulting, LLC (Morningstar), MyNyloxin Group (MyNyloxin), and NPC as defendants. Dkt. # 41. Salmon claimed that he identified Gewecke as the owner of certain websites mentioned in messages on his cell phone, and he further alleged that Gewecke is the president of MyNyloxin. He alleged that MyNyloxin sells products and unregistered securities offered by NPC. The Court granted plaintiff's motion to amend and directed him to serve any new defendants no later than February 9, 2015. Dkt. # 47. Plaintiff filed an amended complaint (Dkt. # 49) alleging that Alan Turnquist, Darick Patterson, Alicia Croker/Turnquist, Gewecke, Morningstar, and MyNyloxin are part of a multi-level marketing scheme (MLM) to distribute NPC's products, and he claims that he received four calls on his cell phone from a member of the MLM.[1] Dkt. # 49, at 6-7. Three of the calls concerned a money making scheme promoted by "Erica and her business partner, Johnny 'Cash,'" and a fourth

---

[1]     Plaintiff alleges that NPC produces and distributes a product called "Nyloxin," which he claims is a "topical analgesic made from cobra poison." Dkt. # 49, at 8.

call concerned a marketing program.  Id.  None of the calls mentioned NPC or Nyloxin and, instead, plaintiff alleges that the MLM was marketing an unregistered security called a "media unit."

NPC filed a motion to dismiss (Dkt. # 91) all of plaintiff's claims against it, and NPC also asked the Court to sanction plaintiff under Fed. R. Civ. P. 11 (Dkt. # 86).  The Court granted the motion to dismiss and found that plaintiff's claims against NPC were frivolous.  Dkt. # 112.  NPC did not attach any billing records to its motion for sanctions and the Court directed NPC to file an amended motion for sanctions with the billing records of its attorneys attached.  Id. at 18.  The amended motion for sanctions (Dkt. # 113) was referred to the magistrate judge for a hearing as to the appropriate sanction(s), and the magistrate judge was instructed to consider the full range of sanctions and not simply a monetary sanction.  Dkt. # 112, at 15.  The magistrate judge conducted a hearing and has entered a report and recommendation (Dkt. # 127) recommending that plaintiff be sanctioned in the amount of $3,000 and that plaintiff be required to speak to students at the University of Tulsa College of Law about the dangers of filing a lawsuit as a licensed legal intern. Plaintiff and NPC have filed objections to the magistrate judge's report and recommendation.

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation.  However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation.  Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999).  The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §

636(b)(1).  The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part.  Fed. R. Civ. P. 72(b).

### III.

NPC objects to the magistrate judge's report and recommendation to the extent that the magistrate judge recommends that plaintiff not be required to pay the full amount of the attorney fees incurred by NPC.  Dkt. # 128.  Plaintiff argues that requiring him to pay a $3,000 sanction would constitute a significant hardship, because he has just opened a legal practice and he does not have the ability to pay a substantial monetary sanction.  Dkt. # 129.  Neither plaintiff nor NPC object to the magistrate judge's recommendation that plaintiff be required to speak to students at the University of Tulsa College of Law, and the Court finds that this recommendation should be accepted.

In a previous Opinion and Order (Dkt. # 112), the Court determined that plaintiff violated Rule 11 by filing frivolous claims against NPC and the issue before the Court is proper sanction for plaintiff's conduct.  "Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management."  White v. General Motors Corp., Inc., 908 F.2d 675, 683 (10th Cir. 1990).  Deterrence of litigation misconduct is the primary purpose of Rule 11 sanctions and "the amount of sanctions is appropriate only when it is the '*minimum* that will serve to *adequately* deter the undesirable behavior.'"  Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America, 935 F.2d 1152, 1159 (10th Cir. 1991) (emphasis in original).  In determining the amount of a monetary sanction, a court should consider the reasonableness of the fees sought, the minimum sanction that will deter future similar conduct, and the violator's ability

to pay a monetary sanction. White, 908 F.2d at 684-85. The award of attorney fees is specifically authorized under Rule 11, but the award of attorney fees is "but one of several methods of achieving the various goals of Rule 11" and a court should consider non-monetary sanctions in determining the appropriate minimum sanction. Id. at 684.

The magistrate judge recommends that plaintiff be ordered to pay NPC attorney fees in the amount of $3,000 and that plaintiff be required to speak to students at the University of Tulsa College of Law "about the dangers of filing a lawsuit as a licensed legal intern or as a newly appointed attorney without prior review by an experienced attorney." Dkt. # 127, at 1. NPC seeks an award of attorney fees in the amount of $8,350 and the magistrate judge found that the amount of fees incurred by NPC was reasonable and not excessive.[2] During a hearing before the magistrate judge, plaintiff admitted that he intended to use discovery to fill in "inferential leaps in logic" and he stated that he would refrain from engaging in such tactics in the future. Id. at 6. However, plaintiff also said that "even in hindsight, he would file the same suit against NPC again" and the magistrate judge found that this statement suggested that "plaintiff's sanction should be reduced by less than his admission would otherwise warrant." Id. Plaintiff recently graduated from law school and opened his own firm, and the magistrate judge reviewed his billing records and financial statements to weigh plaintiff's ability to pay a monetary sanction. The magistrate judge recommends that plaintiff will be unable to pay the full amount of NPC's attorney fees and he recommends a reduced award of attorney fees of $3,000. This amount is substantially less that the full amount of attorney fees incurred by NPC, but the magistrate judge considered plaintiff's ability

---

[2]   This amount includes $8,080 incurred in defending against plaintiff's claims and filing a motions for sanctions and an additional $270 for the preparation of the amended motion for sanctions. Dkt. # 127, at 5.

to pay and the fact that the Court's opinion and order (Dkt. # 112) finding that plaintiff should be sanctioned is publicly available on Westlaw.  Id. at 8.  The magistrate judge also considered plaintiff's lack of experience as a mitigating factor in determining the amount of a monetary sanction.  As to non-monetary sanctions, the magistrate judge found that plaintiff should be required "to write a letter to the Dean of The University of Tulsa College of Law and formally offer to speak to law students during each of the next four semesters about the dangers of filing a lawsuit without having an experienced attorney to review it."  Id. at 11.  The letter should be submitted to the magistrate judge before it is sent to the Dean, and the magistrate judge also recommends that plaintiff be required to submit a script or detailed outline to him for approval before speaking to the law students.  Id.

NPC and plaintiff object to the magistrate judge's recommendation as to the amount of attorney fees to be awarded.  NPC argues that it acted with restraint in an attempt to keep the amount of attorney fees incurred to a minimum, and the magistrate concluded that the amount of fees requested by NPC was reasonable.  Dkt. # 128, at 2.  NPC claims that it will be left "holding the proverbial bag" for over $5,000 in uncompensated attorney fees unless plaintiff is ordered to pay the full amount of attorney fees incurred by NPC.  Id.  Plaintiff asks the Court to reduce the amount of the monetary sanction, because he is a new attorney who has recently opened a law firm and the $3,000 sanction recommended by the magistrate judge would impose a significant hardship.  Dkt. # 129, at 1-2.

The Court finds that the magistrate judge's recommendation that plaintiff be sanctioned in the amount of $3,000 is a balance of the severity of plaintiff's misconduct and the reality of plaintiff's ability to pay a monetary sanction, and the magistrate judge's recommendation should be

accepted.  In response to NPC's motion for sanctions, plaintiff continued to argue that NPC engaged

in the misconduct alleged in the amended complaint and he did not clearly acknowledge that he had

filed frivolous claims against NPC.  Dkt. # 124, at 1-2, 5.  At the hearing before the magistrate

judge, plaintiff openly admitted that his amended complaint contained inferential leaps of logic and

that he intended to use discovery to fill in the gaps, and he stated that he would file the same lawsuit

again if he had conducted a more reasonable inquiry.  Dkt. # 127, at 6.  The magistrate judge

reasonably concluded that a substantial monetary sanction would be necessary to deter future

misconduct by plaintiff based on his admissions at the hearing.  However, plaintiff has a limited

ability to pay a monetary sanction.  Plaintiff recently graduated from law school and he has over

$50,000 in student loans, and his billing records from his legal practice show that it will be a

hardship for him to pay a substantial sanction.  This does not mean that plaintiff should not be

required to pay some type of monetary sanction, but it does support the magistrate judge's

recommendation that something less than the full amount sought by NPC would be reasonable under

the circumstances.  NPC asks the Court to reject the magistrate judge's recommendation as to the

amount of the monetary sanction, because plaintiff has not shown that he will be deterred by a lesser

sanction and plaintiff's claims against NPC were so baseless that the case  "can best be described

as a shakedown."  Dkt. # 128, at 2.  Tenth Circuit precedent is clear that the Court must impose the

minimum monetary sanction that will be sufficient to deter plaintiff from engaging in future

litigation misconduct, and the primary purpose of sanctions is not to fully compensate the aggrieved

party.  White, 908 F.2d at 683-84.  Considering plaintiff's limited ability to pay a sanction, an award

of $3,000 in attorney fees will be sufficient to deter plaintiff from filing frivolous lawsuits in the

future, even if it does not fully compensate NPC for the attorney fees it has incurred in defending

7

against plaintiff's claims.   The Court also takes into account the non-monetary sanctions recommended by the magistrate judge, and finds that a $3,000 monetary sanction in combination with the non-monetary sanction of speaking to law students at the University of Tulsa College of Law will be sufficient to meet the goals of Rule 11.[3]

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 127) is **accepted**, and Defendant Nutra Pharma Corp.'s Amended Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 (Dkt. # 113) is **granted in part** and **denied in part**.  NPC's request for attorney fees in the amount of $8,350 is denied, but NPC is awarded attorney fees in the amount of $3,000.

**IT IS FURTHER ORDERED** that plaintiff is required to speak to students at the University of Tulsa College of Law about the dangers of filing a lawsuit as a licensed legal intern.  Plaintiff shall submit to the magistrate judge a draft letter to be sent to the Dean of the University of Tulsa College of Law no later than **August 9, 2016**.

**DATED** this 19th day of July, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3]   In his objection to the report and recommendation, plaintiff states that has turned down cases after consulting with more experienced attorneys and he has been selective about the cases he accepts largely because of his experience in this case.  Dkt. # 129, at 2.  This further supports a finding that a monetary sanction of $3,000 will be sufficient to deter plaintiff from filing frivolous lawsuits in the future.